# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| MARVIN B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 00-3051-CM |
| | ) | |
| LOUIS E. BRUCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Immediate Judgment Against Remaining Defendants (Doc. 123) and defendants' Motion to Dismiss (Doc. 125).

Plaintiff has moved this court for an order adjudicating remaining claims against all remaining defendants in this case. Plaintiff's request follows the Tenth Circuit's October 14, 2004 Order on plaintiff's appeal of this court's: (1) March 24, 2003 Order granting motions to dismiss that were filed by defendants Hutchinson Correctional Facility, Louis Bruce, Paul Wilson, A. Perez, and Keith Anderson; and (2) January 7, 2004 Order granting reconsideration yet denying relief from the March 24, 2003 Order. The Tenth Circuit's Order states that five individual defendants, Kathryn Fields, Charles Simmons, B. Beach, Johnny Davis, and William Cummings were served with process in the action, but plaintiff's claims against these defendants have not been adjudicated. The Tenth Circuit has given plaintiff 90 days in which to obtain the determination and direction required by Fed. R. Civ. P. 54(b) or an order and judgment finally adjudicating all remaining claims so that plaintiff may proceed with his appeal pursuant to 28 U.S.C. § 1291.

In response to plaintiff's Motion for Immediate Judgment, Kathryn Fields, Charles Simmons, B. Beach, Johnny Davis, and William Cummings claim that they were never properly made defendants in this case and have moved to dismiss plaintiff's claims for lack of subject matter jurisdiction.

## I.      Procedural Background

On February 15, 2000, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against named defendants Louis Bruce, Paul Wilson, Keith Anderson, A. Perez, and Hutchinson Correctional Facility (HCF), as well as unnamed defendants.  Plaintiff sued the defendants in their individual and official capacities.  In the request for relief section of plaintiff's complaint, he demanded monetary damages from HCF, Bruce, Perez, Wilson, Anderson, and "Ms. Fields," who was previously unnamed.  Plaintiff enclosed with his complaint and motion to proceed *in forma pauperis* a letter dated February 12, 2000, to the clerk of this court, Ralph L. DeLoach, which was entitled "RE: Praecipe for Summons."  The letter included instructions for summons to be delivered to Bruce, Anderson, Wilson, Perez, Fields, "Carles Simmons," (sic) and "Ms. Beach."  Plaintiff had not specifically named Simmons or Beach as defendants in his complaint or requested relief from them.

On June 12, 2000, Judge VanBebber of this court entered an Order (Doc. 10) ruling on several of plaintiff's motions and directing the clerk of the court to prepare waiver of service forms.  On June 20, 2000, the clerk issued waivers as to Bruce, Wilson, Fields, Perez, Anderson, Simmons, Beach and HCF. Each of the individuals signed the waivers.

On June 28, 2001, Judge VanBebber entered an Order (Doc. 64) ruling on several motions by plaintiff.  In ruling on plaintiff's Motion for Out-of-Time Motion to Deny Defendants (sic) Request for Extension of Time to Submit Martinez Report on July 9, 2001, and Motion for Injunction and Restraining

-2-

Order and Supplemental and Misjoinder Pleadings (Doc. 62), Judge VanBebber construed the portion of plaintiff's motion referencing supplemental and misjoinder pleadings as a supplemental pleading pursuant to Fed. R. Civ. P. 15(d) and directed the clerk of the court to issue service of process on defendants Johnny Davis and William E. Cummings.  On August 3, 2001, the clerk issued waivers as to Davis and Cummings. Both individuals signed the waivers.

On April 11, 2002, defendants Bruce, Wilson, Anderson, Perez and HCF filed a motion to dismiss (Doc. 94) and attached a copy of the Martinez Report as an exhibit to their motion.  On March 24, 2003, this court entered a Memorandum and Order (Doc. 106) denying several motions plaintiff had filed and granting defendants Bruce, Wilson, Anderson, Perez and HCF's motion to dismiss.  In footnote 2 of the March 24, 2003 Memorandum and Order, the court stated:

> Although plaintiff discusses the actions of several other HCF officials in the papers before the court, the court has not granted any of plaintiff's motions to amend his complaint to name any additional defendants.  Because plaintiff has only named in his complaint as defendants HCF, Bruce, Perez, Wilson, and Anderson, they are the only defendants in this matter.

The court subsequently held that plaintiff's transfer to another correctional facility had mooted his claims for prospective injunctive relief.  The court also found that HCF was entitled to Eleventh Amendment immunity, and dismissed plaintiff's claims against HCF.  The court also held that the individual defendants were entitled to Eleventh Amendment immunity for the claims brought against them in their official capacities.  The court further held that the individual defendants were entitled to qualified immunity for claims brought against them in their individual capacities because, even accepting all of plaintiff's factual allegations as true, plaintiff could not establish that he sustained an actual injury sufficient to confer him standing to bring a claim of denial of access to the courts.   The court dismissed all of plaintiff's claims against the defendants.

## II.    Discussion

As an initial matter, the court notes that it was incorrect in its March 24, 2003 Memorandum and Order when it stated that only HCF, Bruce, Perez, Wilson and Anderson were defendants in the case. In fact, per Judge VanBebber's June 28, 2001 Order, both Davis and Cummings had been added as defendants in the case and were properly served with process.

Thus, the two issues before the court are (1) whether the service of process on Fields, Simmons, and Beach made them defendants in the case, despite the fact that they were not formally named as defendants; and (2) the appropriate adjudication of plaintiff's claims against Fields, Simmons, Beach, Davis and Cummings.

### A.    Service of Process

The Tenth Circuit recognizes "the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 125 (10th Cir. 1996). In this case, plaintiff referred to Fields as a defendant in the prayer for relief contained at the end of his complaint. Fields is also referred to throughout the documents plaintiff supplied to the court as a librarian at HCF who was involved in plaintiff's grievances at the institutional level. Fields, Beach and Simmons were identified in plaintiff's letter to the court requesting service of process on the defendants.

The court finds that plaintiff adequately described Fields, Beach and Simmons so that process could be served. Moreover, each of the three defendants was served with process. Therefore, Fields, Beach and Simmons should have been included as defendants in the case. *See id.* (holding that rather than dismissing without prejudice unnamed defendants who had been adequately described in documents defendants

-4-

attached to their motion for summary judgment, the district court should have ordered them to be included as named defendants and included them in the ruling on the summary judgment motion).

    **B.      Adjudication of Plaintiff's Claims Against the Remaining Defendants**

    Having determined that Fields, Beach, Simmons, Davis, and Cummings were properly served as defendants in this case, the court turns to the adjudication of plaintiff's claims against them.  Upon review of the pleadings in this case and the allegations that plaintiff has made against all defendants, the court finds that, even accepting all of plaintiff's factual allegations as true, these defendants would have been entitled to dismissal of the claims against them in both their individual and official capacities for the same reasons that the court granted Bruce, Wilson, Anderson, and Perez's motion to dismiss on March 24, 2003.

    **IT IS THEREFORE ORDERED** that plaintiff's Motion for Immediate Judgment (Doc. 123) is granted in part and denied in part.  The court finds that defendants Kathryn Fields, Charles Simmons, B. Beach, Johnny Davis, and William Cummings were properly included as defendants in this case.  The court further finds that Fields, Simmons, Beach, Davis and Cummings should be dismissed from this lawsuit for the reasons set forth above and for the reasons previously set forth in the court's March 24, 2003 Memorandum and Order, which is hereby incorporated by reference.  All other prayers for relief contained in plaintiff's Motion for Immediate Judgment are denied.

    **IT IS FURTHER ORDERED** that defendants Kathryn Fields, Charles Simmons, B. Beach, Johnny Davis, and William Cummings' Motion to Dismiss (Doc. 125) is granted for the reasons set forth above.  This case is hereby dismissed.

    Dated this 13th day of January 2005, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**

**United States District Judge**