
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **MARVIN B. DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 00-3051-CM** |
| ) | |
| **LOUIS E. BRUCE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff alleges in this 42 U.S.C. § 1983 action that the defendant prison officials violated his constitutional right of access to the courts and engaged in prohibited retaliation against him. This matter comes before the court on remand from the Tenth Circuit Court of Appeals solely to consider plaintiff's retaliation claims against defendants Johnny Davis and William Cummings in their individual capacities.[1] As the Tenth Circuit noted, such claims are laid out in pages sixteen to nineteen of plaintiff's Motion for Out-of-Time Motion to Deny Defendants [sic] Request for Extension of Time to Submit Martinez Report on July 9, 2001, and Motion for Injunction and Restraining Order and Supplemental and Misjoinder Pleadings (Doc. 62).

Following the remand from the Tenth Circuit Court of Appeals, plaintiff filed a supplemental pleading, primarily contending that defendants Davis and Cummings have not responded at all in the litigation and requesting that default judgment be entered against them. The court disagrees with plaintiff's characterization of the record in this case. In fact, both defendants joined in a motion to dismiss plaintiff's claims for lack of subject matter jurisdiction in November 2004. At that time,

---

[1] The court does not repeat the protracted history of plaintiff's other claims herein.

defendants claimed that the record contained no definite statement of the claims against them. This court granted the November 2004 motion to dismiss on another basis. The Tenth Circuit's subsequent disposition of this case on appeal prompts the court's current examination of the retaliation claims against defendants Davis and Cummings.[2]

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. . . .  An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, __ F.3d __, 2006 WL 205367, at *7 (10th Cir. Jan. 27, 2006) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust available administrative remedies before filing an action with respect to prison conditions under § 1983 or under any other federal law. 42 U.S.C. § 1997e(a); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust administrative remedies." *Id*. "'In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e . . . . [A] prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity.'" *Ross v. County of Bernalillo*, 365 F.3d 1181, 1184 (10th Cir. 2004) (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003)). The PLRA "requires inmates to exhaust fully all of their claims before filing in federal court.

---

[2] Following the Tenth Circuit's remand of this matter for consideration of the retaliation claims against them, defendants declined to provide the court with any additional briefing.

If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." *Ross*, 365 F.3d at 1189. The court may dismiss a prisoner's complaint *sua sponte*, where the court determines that the prisoner "failed to show that he had exhausted fully the prison grievance procedure." *Tauer v. Werholtz*, 168 Fed. Appx. 312, 314 (10th Cir. 2006) (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1238 (10th Cir. 2005)).

Plaintiff contends that defendant Davis retaliated against plaintiff from April 9, 2001 through May 30, 2001, "giving the plaintiff a disciplinary report that was fictitious [on May 30, 2001], of which the plaintiff had already filed an administrative grievance against." Doc. 62 at 17. Plaintiff contends that "[t]he grievance was dismissed without any investigation and other issues encompassed within the [sic] grievance were never addressed." *Id*. Plaintiff contends that "[t]his act of retaliation (see 42 U.S.C. 1997d) was an abuse of power, while acting under the color of state law, a violation of plaintiff [sic] Equal Protection and Due Process Rights, and conspiracy pursuant to 42 U.S.C. 1985(3) by Master Seargent Johnny Davis . . . ." *Id*. at 17-18. Plaintiff contends that defendant Cummings "acquiesced and knew and should have known, and condoned by dismissing plaintiffs [sic] grievance without addressing the issues incorporate therein, of this officials [sic] retaliatory conduct, and choice to completely look the othere [sic] way as this official retaliated against the plaintiff for being lawfully engaged in a federally protected right . . . ." *Id*. at 18-19. Plaintiff contends that "[t]hese disciplinary reports and type of retaliation has occurred twice within two (2) months time . . . ." *Id*. at 20.

Plaintiff attached as an exhibit to document 62 a letter he wrote to deputy warden John Turner on June 3, 2001, detailing the alleged retaliation that plaintiff claimed to be experiencing from defendant Davis. The June 3, 2001 letter stated that he had an encounter with defendant Davis on

May 29, 2001, over plaintiff having a legal piece of paper in the smoking area in front of the dorm. On May 30, 2001, plaintiff involved Bruce Brower, a correctional counselor, who allegedly told defendant Davis that plaintiff could take a legal document outside and discuss it with another inmate, so long as he was not spreading his papers out all over a picnic table outside. After that conversation, plaintiff contends that plaintiff allegedly told Brower that defendant Davis was "going to be mad now, and try to make up something." Plaintiff contends that, following this conversation, he saw defendant Davis with his rule book out, typing at a typewriter. The same day, plaintiff also saw defendant Davis looking through disciplinary reports and he wrote that "I just knew that this man had made up something to retaliate against me." On May 31, 2001, plaintiff was taken to a disciplinary hearing and informed that defendant Davis had written him up on May 30, 2001, for blocking a fire exit with a fan. Plaintiff denied that he had improperly blocked a fire exit with a fan and characterized the disciplinary report from defendant Davis as a "fictitious write-up." In his letter, plaintiff told Turner that defendant Davis "out right lied to retaliate against me and gave a made up write up." Plaintiff pleaded not guilty and requested that Turner appear at his final hearing on the disciplinary report. In the letter, plaintiff also informed Turner that he had, on January 19, 2001, filed an action against defendant Davis in federal court for a prior alleged act of retaliation.

     Plaintiff also attached as an exhibit to document 62 the disciplinary report that defendant Davis issued to plaintiff on May 30, 2001, regarding improper blocking of a fire exit by a fan. Plaintiff also attached as an exhibit a June 8, 2001 memorandum from Turner. The memorandum from Turner stated, "I have received and reviewed your letter dated June 3, 2001 relating to the disciplinary report you received from M/S Johnny Davis. It is my understanding this disciplinary report was dismissed by the hearing officer. I trust this resolves the matter of the disciplinary report."

Later in this case, plaintiff filed a Motion for Relief from Order of 6/28/01 (Doc. 66) and attached as an exhibit the disposition of disciplinary case form. The form stated that plaintiff was found not guilty of blocking the fire exit during a hearing on June 7, 2001.

Other than the allegations stated in document 62 regarding defendant Cummings, plaintiff has provided no additional information or documents supporting his allegations that defendant Cummings was involved in the alleged retaliatory behavior by defendant Davis.

Having conducted an exhaustive review of the record in this case, the court finds extensive records regarding the formal grievances and administrative exhaustion that plaintiff pursued with regard to his claims against the other defendants in this case, including disposition of his grievances at the institutional level and his subsequent appeals of the grievances that were denied at the institutional level. However, other than his June 3, 2001 letter to Turner, the deputy warden, the record is devoid of any evidence that plaintiff filed a grievance or pursued any formal administrative remedies with regard to his retaliation claims against defendants Davis and Cummings. Thus, plaintiff has failed to demonstrate that he exhausted all available administrative remedies with respect to his retaliation claims against defendants Davis and Cummings.

**IT IS THEREFORE ORDERED** that plaintiff's retaliation claims against defendants Davis and Cummings are hereby dismissed without prejudice.[3]

**IT IS FURTHER ORDERED** that, because this order adjudicates all of plaintiff's remaining claims, this case is hereby dismissed.

Dated this 9th day of August 2006, at Kansas City, Kansas.

       **s/ Carlos Murguia**
       **CARLOS MURGUIA**
       **United States District Judge**

---

[3] As a result, the court declines to address the merits of plaintiff's retaliation claims.