## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARVIN B. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 00-3051-CM** |
| | ) | |
| | ) | |
| **LOUIS E. BRUCE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

This case comes before the court on several intertwined motions:

–   Motion for Reconsideration of August 9, 2006 Dismissal under 42 U.S.C. § 1997e(a) Davis & Cummings (Rule 59(b), (e), Fed. R. Civ. P.) (Doc. 137);

–   Motion to Compel Discovery that is Denied by Prison Officials to Prevent Proof of Exhaustion & Motion to Stay Ruling on Reconsideration Pursuant to Rule 59(b), (e), Fed. R. Civ. P. until Discovery is Provided (Rule 26(b)(1); Rule 37(a)(2)) (Doc. 138);

–   Plaintiff's Motion to Supplement Motion Discovery that is Denied by Officials, i.e., Administrative Grievance to Prove Exhaustion as Plaintiff has Discovered it is Gr. No. BB00009432 Signed by William Cummings on 5/21/01 (Doc. 147); and

–   Motion for Sanction—Lack of Legal & Factual Basis for Assertions (Rule 11(c)(1)(A), Fed. R. Civ. P.) (Doc. 150).

**A.      Motion for Reconsideration**

On August 9, 2006, this court dismissed the only remaining claims in this case, the retaliation claims against defendants Johnny Davis and William Cummings. The court found that plaintiff

failed to show that he exhausted his administrative remedies for his claims against defendants Davis and Cummings.  Plaintiff asks the court to reconsider its order because (1) he exhausted his remedies as to defendant Davis because he received a favorable outcome; and (2) grievance number BB00009432, which plaintiff requests that the court compel defendants to produce, shows that he exhausted his remedies as to defendant Cummings.

The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e).  *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted).  The grounds justifying an alteration, amendment, or reconsideration are essentially the same:  (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice.  *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same).  "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."  *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiff does not allege a change in law or new evidence.  The only basis on which the court could reconsider its order is to correct clear error or to prevent manifest injustice.

Plaintiff received a favorable outcome with respect to his disciplinary report.  But this does not relieve him of his responsibility to exhaust his administrative remedies regarding his claim of retaliation.  While his claim of retaliation was tied to the disciplinary report, the disciplinary hearing

did not fully resolve plaintiff's complaint as expressed in his June 3, 2001 letter to Deputy Warden Turner.  If plaintiff wanted to pursue his claims of retaliation, he should have first pursued them at the administrative level.

The court has taken judicial notice of grievance number BB00009432, which is attached to Doc. 35 in Case No. 00-3277.  The court does not make it a practice of searching other case files for documents referenced in pending cases, but based on plaintiff's allegations and the unique circumstances of this case, the court found it appropriate to review the record of Case No. 00-3277 in this instance.  The court reviewed the grievance and defendant Cummings's May 21, 2001 response to the grievance, and finds that plaintiff still has not shown that he exhausted his administrative remedies with respect to any retaliation claim he has against defendant Cummings. The grievance also does not address any claim that defendant Davis retaliated against plaintiff, although it alleges that defendant Davis interfered with plaintiff's access to the law library.  To complete the record in this case, the court has attached grievance number BB00009432 and its relevant documents to this order.

For these reasons, plaintiff has not shown that the court committed clear error or that manifest injustice exists.  Plaintiff's motion to reconsider is denied.

**B.    Motion to Compel Discovery**

Because plaintiff has since identified the missing grievance, and the court has reviewed the grievance, there is no need to compel discovery.  Plaintiff's motion is denied as moot.

**C.    Motion to Supplement**

In plaintiff's motion to supplement, he asks the court to take judicial notice of a document in case number 00-3277, which the court has done.  Plaintiff's request that the court compel defendants to produce grievance number BB00009432 is moot, and plaintiff's motion is granted in part and

denied in part.

**D.     Motion for Sanctions**

Plaintiff requests that the court sanction defendants for failing to produce grievance number BB00009432.  First, the court did not order defendants to produce the grievance.  Second, plaintiff has not followed the procedures for obtaining Rule 11 sanctions.  And third, sanctions pursuant to Rule 37(a)(2)(A) and/or 37(b)(2)(A) are not warranted.  Rule 37(a)(2)(A) governs the filing of motions to compel discovery, and Rule 37(b)(2)(A) is reserved for situations in which a party fails to comply with a court order.

**IT IS THEREFORE ORDERED** that Motion for Reconsideration of August 9, 2006 Dismissal under 42 U.S.C. § 1997e(a) Davis & Cummings (Rule 59(b), (e), Fed. R. Civ. P.) (Doc. 137) is denied.

**IT IS FURTHER ORDERED** that Motion to Compel Discovery that is Denied by Prison Officials to Prevent Proof of Exhaustion & Motion to Stay Ruling on Reconsideration Pursuant to Rule 59(b), (e), Fed. R. Civ. P. until Discovery is Provided (Rule 26(b)(1); Rule 37(a)(2)) (Doc. 138) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Motion Discovery that is Denied by Officials, i.e., Administrative Grievance to Prove Exhaustion as Plaintiff has Discovered it is Gr. No. BB00009432 Signed by William Cummings on 5/21/01 (Doc. 147) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Motion for Sanction—Lack of Legal & Factual Basis for Assertions (Rule 11(c)(1)(A), Fed. R. Civ. P.) (Doc. 150) is denied.

Dated this 22nd day of December 2006, at Kansas City, Kansas.


                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**