# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARVIN B. DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 00-3051-CM** |
| ) | |
| ) | |
| **LOUIS E. BRUCE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On August 9, 2006, the court dismissed the remaining claims in this case, plaintiff's retaliation claims against defendants Johnny Davis and William Cummings. The case is now before the court on plaintiff's second motion for reconsideration (Doc. 162) and plaintiff's motion for immediate judgment (Doc. 166). Although defendants Davis and Cummings initially did not respond to Doc. 162, the court ordered them to show cause why the motion should not be granted as uncontested, and defendants then responded. The court finds that defendants showed excusable neglect for not timely responding to the motion, largely because of the unique procedural posture of this case and the timing of various rulings and filings.

This case is now on appeal for the third time. After the court denied plaintiff's first motion for reconsideration, the Supreme Court issued *Jones v. Bock*, 549 U.S. —, 127 S. Ct. 910 (2007). *Jones* abrogated Tenth Circuit law interpreting the exhaustion requirement of the Prison Litigation Reform Act. *Jones*, which held that the failure to exhaust administrative remedies is an affirmative defense and that proof

of exhaustion is not a pleading requirement, constitutes an intervening change in controlling law. *See* 127 S. Ct. at 919–21 (abrogating *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003)). *Jones* also established that when a prisoner exhausts some, but not all, of his claims, the court is not required to dismiss the entire action. *Id.* (abrogating *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004)).

Because the most recent dismissal of the present case relied on both the *Steele* and *Ross* decisions, the court grants plaintiff's second motion for reconsideration. Although reconsideration is appropriate, however, immediate judgment for plaintiff is not. Neither the arguments made in plaintiff's earlier filings nor the *Jones* change in law warrants a judgment for plaintiff based on the pleadings before the court.

In defendants' response to plaintiff's motion, they seek leave to amend their answer to include failure to exhaust as an affirmative defense. It appears to the court that there is no answer to amend. Davis and Cummings were added as defendants in late 2001. Rather than answering the complaint, defendants Davis and Cummings joined a November 2004 motion to dismiss. The court's ruling on that motion to dismiss and later dismissal of the claims against defendants alleviated the need for defendants to otherwise answer plaintiff's complaint. Moreover, defendants did not need to raise failure to exhaust as an affirmative defense because the Tenth Circuit did not recognize it as such. In light of *Jones*, the procedural posture of this case, and the number of times it has been on appeal, the court finds that the interests of justice will be served by allowing defendants to file an answer or other responsive pleading including the affirmative defense of failure to exhaust. Plaintiff will not be prejudiced; exhaustion has already been at issue in this case, and he will have an additional opportunity to respond. Defendants shall do so within ten days of the entry of this order.

The court expects that additional pleadings and motions will be filed in this case. The record in this

case is growing expansively, and all parties are cautioned that if they intend to rely on previous filings in the record, they must make specific references to the existing record with document and page numbers. Although in the past, the court has reviewed the record on its own for the parties involved in this case, it is not obligated to do so and will not continue to do so. Cross-references to the record or to other cases without specific citations will be disregarded.

The court also does not intend to allow this case to continue its history of delays. Plaintiff filed the action in 2000. Understandably, several appeals to the Tenth Circuit have slowed it down. But the magistrate judge will establish a schedule for proceeding with this case and resolving it, and all parties are expected to comply with the schedule. The court strongly discourages the parties from hindering the case's progression with repetitive filings and motions lacking a valid basis for relief.

**IT IS THEREFORE ORDERED** that plaintiff's second motion for reconsideration (Doc. 162) is granted. The case shall be reopened and a magistrate shall be assigned for scheduling.

**IT IS FURTHER ORDERED** that plaintiff's motion for immediate judgment (Doc. 166) is denied.

Dated this __26TH__ day of March 2007, at Kansas City, Kansas.

                                         **s\ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**