IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARVIN B. DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> LOUIS E. BRUCE, et al., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> No. 00-3051-CM |

**MEMORANDUM AND ORDER**

The court conducted a jury trial in this case in June 2008. The jury was unable to reach a verdict, and the court declared a mistrial. Defendants moved for judgment as a matter of law after the close of plaintiff's evidence and renewed their motion after trial. The court took both motions under advisement. The parties filed written briefs on the motions after trial, and the case is now before the court on the Motion Renewing Defendants' Motion for Judgment as a Matter of Law (Doc. 255) and Motion for Leave to File Supplemental Response to Defendants' Renewed Motion for Judgment as a Matter of Law (Doc. 264).

**I.      Standard for Judgment as a Matter of Law**

In examining a motion for judgment as a matter of law, the court "must construe the evidence and inferences most favorably to the non-moving party, and refrain from weighing the evidence, passing on the credibility of witnesses, or substituting [its] judgment for that of the jury." *Magnum Foods, Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1502 (10th Cir. 1994) (citation omitted); *see Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546 (10th Cir. 1996). Judgment as a matter of

law is only appropriate when the "evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1099 (10th Cir. 2001).

## II.     Discussion

Both defendants claim that plaintiff failed to offer evidence that they personally participated in many of the acts that plaintiff alleges show retaliation or a due process violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citation omitted). Plaintiff must "establish a connection or a link between the alleged misconduct and constitutional violations [of] any of the defendants." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 (10th Cir. June 21, 2000). Defendants also argue that plaintiff has not met his burden of proving the elements of his claims, but the court resolves many of the claims using the personal participation standards.

### A.     Claims Against Defendant Cummings

#### 1.     *First Amendment Claim*

Defendant Cummings argues that plaintiff did not show that he personally participated in the retaliation claim because the only evidence plaintiff presented against defendant Cummings was that he did not provide meaningful responses to plaintiff's prison grievances. Plaintiff clarifies he is claiming that not only did defendant Cummings fail to provide meaningful responses, but—more importantly—that defendant Cummings's actions were in retaliation for plaintiff's exercise of First Amendment rights. According to plaintiff, "[d]efendant Cummings obviously personally participated in his own conduct: in this case, failing to adequately respond to plaintiff's grievances in retaliation for plaintiff's protected activity." Plaintiff further claims that defendant Cummings

personally participated in the constitutional deprivations of subordinates when he failed to investigate or overturn their violations of plaintiff's rights.

Plaintiff is correct: Defendant Cummings personally participated in his own conduct. But plaintiff is incorrect in his claim that the evidence showed that defendant Cummings's conduct was based on a retaliatory motive. Plaintiff contends that a reasonable jury could infer retaliatory motive because defendant Cummings knew or should have known that his officers were engaging in misconduct. Plaintiff did not present evidence at trial, however, that defendant Cummings had such knowledge or should have had such knowledge. Rather, the evidence showed that defendant Cummings was located in Topeka, while the events allegedly occurred in Hutchinson. The evidence also showed that defendant Cummings reviewed approximately 1500 grievances a year. Plaintiff did not present any evidence to suggest retaliatory motive.

The court finds distinguishable the case cited by plaintiff for the proposition that a supervisor who reviews grievances personally participates in a constitutional violation when he fails to overturn prison officials' decisions. In *Strope v. Collins*, 492 F. Supp. 2d 1289 (D. Kan. 2007), Judge Lungstrum denied summary judgment to the warden at a correctional facility who reviewed grievances because there was evidence that the warden had the authority and opportunity to enforce or overturn the grievance decisions. 492 F. Supp. 2d at 1301. Here, defendant Cummings did not review grievance appeals at the facility level. He represented a higher level of review. Moreover, Judge Lungstrum resolved *Strope* by finding that the warden could have personally participated in the allegedly unconstitutional conduct. Here, the court agrees that defendant Cummings personally participated, but determines that plaintiff failed to present any evidence that defendant Cummings's actions were fueled by retaliatory motive. Defendant Cummings is entitled to judgment as a matter of law on this claim.

### *2.  Procedural and Substantive Due Process Claims*

Defendant Cummings argues that plaintiff's procedural and substantive due process claims against him fail because plaintiff did not show an underlying constitutional violation. To sustain a procedural or substantive due process claim, plaintiff must show that he was deprived of a liberty or property interest that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's only claims against defendant Cummings involve his failure to provide meaningful responses to plaintiff's grievances. But "the failure to conduct an investigation or respond to petitioner's grievances does not impose an atypical and significant hardship in relation to ordinary incidents of prison life." *Anderson v. Colo. Dep't of Corrs.*, No. 98-1477, 1999 WL 387163, at *2 (10th Cir. June 14, 1999) (citing *Sandin*, 515 U.S. at 484). Regardless of whether defendant Cummings had a duty under Kansas law to meaningfully review grievances, § 1983 does not offer redress for violation of state law. *Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988). Because none of defendant Cummings's actions violate due process, he is entitled to judgment as a matter of law on these claims.

**B.  Claims Against Defendant Johnny Davis**

### *1.  First Amendment Claims*

<u>a.</u>   <u>1999 Supreme Court Writ</u>

Plaintiff testified at trial that defendant Davis was not involved in causing plaintiff to file an untimely Writ of Certiorari in 1999. Plaintiff stated that his unit team counselor, Officer Wilson, actually delayed his access to the notary public. Plaintiff's statements at trial alone are sufficient to show that defendant Davis did not personally participate in this action.

In his brief, however, plaintiff now argues that defendant Davis was a member of the unit

team in December 1999 and failed to properly resolve the grievance that plaintiff filed regarding the writ. According to plaintiff, "Because of defendant Davis's deliberate indifference to Officer Wilson's constitutional violation—despite his duty to resolve the issue by way of his membership within, and supervision of, the Unit Team—he personally participated in Officer Wilson's violation." Plaintiff's new argument is unavailing. This court has already found that Officer Wilson did not violate plaintiff's constitutional right to access to the courts. *See Davis v. Bruce*, 215 F.R.D. 612, 619–21 (D. Kan 2003). The Tenth Circuit affirmed that determination. *See Davis v. Bruce*, 129 F. App'x 406, 409 (10th Cir. 2005). In any event, plaintiff failed to present evidence that defendant Davis was a member of the unit team responsible for reviewing grievances. Defendant Davis is entitled to judgment as a matter of law on this claim.

b.      2000 Transfer and Lost Piece of Mail

Defendant Davis asserts that plaintiff failed to show that he personally participated in plaintiff's 2000 transfer and in the loss of plaintiff's mail. Evidence was presented at trial that plaintiff once stated that his transfer was due to the retaliatory acts of Bill Davis, not Johnny Davis. Plaintiff did not present any evidence to suggest that defendant Johnny Davis had the authority to order a transfer or participated in the decision in any way. Judgment as a matter of law is warranted on this claim.

With respect to plaintiff's claim that a piece of his mail was lost in 2000, plaintiff also failed to show that defendant Davis participated in the alleged constitutional violation. The evidence showed that plaintiff's unit team counselor was responsible for delivering legal mail. Plaintiff did not present any evidence that defendant Davis was a unit team counselor responsible for legal mail. The only evidence indicating a possibility that defendant Davis may have handled plaintiff's mail was defendant Davis's own testimony that occasionally, if members of the unit team did not get all

of the mail delivered, the officers would finish the job. The court does not find this evidence sufficient to meet plaintiff's burden of showing that defendant Davis personally participated in withholding plaintiff's mail on a specific occasion in 2000.

Even if plaintiff's suggestion—that, on occasion, defendant Davis may have handled legal mail—were enough to create a genuine issue of material fact as to whether defendant Davis personally participated in this claim, the court determines that plaintiff did not present any evidence of retaliatory motive. Plaintiff contends that for all of his claims, circumstantial evidence shows defendant Davis's retaliatory motive. Specifically, through deposition testimony that was read during trial, defendant Davis testified about plaintiff:

> A: He's a wanna-be—what's the attorney on T.V. He's a—he wants to show that he's superior by words, and he's a wanna-be Perry Mason.
> Q: Does he threaten to sue or threaten to file grievances a lot?
> A: He threatens all the time. If you even look at him and say—and you catch him in a—like I caught him moving the fan, I told him, alright, you're on report. This fan is blocking the fire exit, it cannot by State statute or institution regulations block this door. It's the only safe exit out of this unit. He would threaten to sue for that. He'd threaten to sue me for not letting him have his legal law library out in the smoking area. That's one conversation he would throw on you.

Plaintiff contends that this comment, coupled with defendant Davis's admitted temper problem and general lack of credibility, creates an issue of fact as to whether defendant Davis acted with retaliatory animus. Without weighing the evidence, the court concludes that plaintiff's evidence is insufficient as a matter of law.

Evidence presented at trial showed that defendant Davis was served with process on August 8, 2001, well after this event occurred. No evidence was presented that defendant Davis was aware of the prison grievances or lawsuits in 1999 through 2000. Even if defendant Davis referred to plaintiff as a "wanna-be Perry Mason" in a 2007 deposition, this reference does not reflect that

defendant Davis regarded plaintiff as such in 2000. Plaintiff failed to establish that defendant Davis acted with retaliatory animus.

c.      April 9, 2001 Order to Leave Picnic Area and May 30, 2001 Disciplinary Report for Fan

Defendant Davis attacks these two claims by arguing that plaintiff failed to show that defendant Davis acted with retaliatory motive and/or that plaintiff sustained constitutional injury. Plaintiff responds that the "wanna-be Perry Mason" comment, coupled with defendant Davis's admitted temper problem and lack of probable cause for writing up plaintiff for moving the fan, creates an issue of fact as to whether defendant Davis acted with retaliatory animus. Plaintiff further contends that he need not show that defendant Davis's acts actually caused him to stop filing grievances and lawsuits—only that his acts would cause a reasonable person to stop filing grievances and lawsuits.

The court first addresses the April 9, 2001 order to leave the picnic area. As for this claim, plaintiff failed to show either retaliatory animus or constitutional injury. Plaintiff did not present any more evidence of retaliatory animus with respect to this claim than he did regarding the loss of mail claim. On April 9, plaintiff won a grievance, but the grievance was not against defendant Davis, and there is no evidence that defendant Davis knew of the "victory." Plaintiff also failed to show constitutional injury. At most, defendant Davis threatened to write him up for being in the picnic area. Simply being directed to move his papers is *de minimus* injury, at best. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203–04 (10th Cir. 2007) (dismissing retaliation claim because placing time limits on speeches at a city council meeting is a *de minimus* injury); *Franks v. Waite*, No. 04-3396-SAC, 2008 WL 687201, at *3 (D. Kan. Mar. 11, 2008) (holding that threat of disciplinary action is *de minimus*). Judgment as a matter of law is appropriate on this claim.

The court next addresses the May 30, 2001 Disciplinary Report for the Fan. The incident

-7-

followed closely on the heels of plaintiff's grievance against defendant Davis for the picnic area incident. Defendant Davis knew that plaintiff filed a grievance against him for that incident. Based on the timing of the fan disciplinary report and the eventual dismissal of the disciplinary report because plaintiff had not violated any rules, the court finds that a reasonable jury could find that defendant Davis wrote plaintiff up in retaliation for plaintiff's April 9 grievance.

Plaintiff has also created a fact issue of whether, objectively, defendant Davis's action would chill a person of ordinary firmness from continuing to file lawsuits and/or grievances. Although plaintiff was found not guilty of the conduct alleged in the disciplinary report, and although he continued filing grievances and lawsuits, the court cannot find as a matter of law that the disciplinary report would not chill a person of ordinary firmness from filing further lawsuits and/or grievances. Defendants' motion is denied on this claim.

d.  2001 Authorization of Fictitious Disciplinary Reports

Plaintiff did not offer any evidence at trial that defendant Davis authorized false disciplinary reports. Plaintiff argues that a disciplinary report for deficient work performance was notarized by defendant Davis, and that his notarization constituted personal participation because defendant Davis testified that he would not sign disciplinary reports that he did not approve. Plaintiff's argument is unconvincing. There is a critical difference between signing a disciplinary report and notarizing someone else's signature on the report. Defendant Davis's notarization does not suggest that he knew the report was false, acquiesced in it, and/or approved it. The court grants judgment as a matter of law on this claim.

e.  2001 Loss of Prison Job

Plaintiff did not offer any direct evidence at trial that defendant Davis was involved in firing him from his prison job. To the contrary, plaintiff testified that he lost his job after Ms. Cheers filed

a work report against him. Plaintiff asks the court to accept that defendant Davis's retaliatory animus and acquiescence in retaliatory conduct on other occasions is sufficient to demonstrate that he was involved in plaintiff's termination. Without weighing the evidence, the court determines that this is an unreasonable inferential leap. Plaintiff presented no evidence connecting defendant Davis to his job loss. Plaintiff therefore failed to show that defendant Davis personally participated in the act. Judgment as a matter of law is granted on this claim.

f.     2002 Transfer from Hutchinson to Lansing Correctional Facility

Likewise, plaintiff failed to demonstrate that defendant Davis personally participated in plaintiff's 2002 transfer from Hutchinson to Lansing Correctional Facility. At trial, plaintiff testified that he did not know whether defendant Davis executed or authorized his transfer. Plaintiff argues that the Kansas Department of Corrections would have considered plaintiff's "domicile report" before transferring plaintiff, which would have included input from defendant Davis. Plaintiff then appears to argue that because defendant Davis notarized a false disciplinary report about plaintiff's work performance, defendant Davis affected plaintiff's transfer.

Again, although the court construes the evidence in plaintiff's favor and does not weigh the evidence in reaching its decision, plaintiff asks the court to give him the benefit of an inference that is unreasonable. Based on the evidence presented at trial, the court determines that a reasonable jury could not find that defendant Davis personally participated in plaintiff's 2002 transfer. The court grants judgment as a matter of law on this claim.

*2.     Procedural and Substantive Due Process Claims*

Plaintiff's procedural and substantive due process claims are not clear. To the extent that plaintiff claims that defendant Davis violated due process through the acts discussed above, plaintiff failed to present evidence that defendant Davis personally participated in (1) the 1999 untimely Writ

-9-

of Certiorari; (2) plaintiff's 2000 transfer and loss of mail; (3) the 2001 alleged false disciplinary reports; (4) the 2001 loss of plaintiff's job; or (5) the 2002 transfer. As for plaintiff's claims relating to the picnic area and the fan, defendant Davis did not deprive plaintiff of a liberty or property interest. Defendant Davis did not take plaintiff's legal papers from him, and plaintiff did not lose any good-time credits or have to pay any monetary fines.

In his brief, plaintiff raises two additional arguments in support of his procedural and substantive due process claims. First, he states that by withholding plaintiff's legal mail, defendant Davis violated plaintiff's right of access to the courts. Second, he states that defendant Davis spread rumors that plaintiff was snitching on inmates who violated a smoking ban, thereby exposing plaintiff to a risk of serious injury.

As previously stated, plaintiff's first additional argument fails because there is no evidence that defendant Davis personally participated in withholding plaintiff's legal mail. And plaintiff's second additional argument fails because defendant did not deprive plaintiff of a liberty or property interest. Plaintiff does not identify the way in which he was harmed by defendant Davis's actions—assuming that defendant Davis actually spread the rumors. The court's recollection of the evidence, however, is that although plaintiff's opening argument suggested that the evidence would show that defendant Davis spread the rumors, plaintiff failed to actually present such evidence. Judgment as a matter of law is granted on these claims.

### III.   Motion for Leave to File Supplemental Response

The supplemental response proposed by plaintiff presents evidence purporting to show that plaintiff exhausted his administrative remedies before filing suit. Without considering the content in plaintiff's proposed supplemental response, the court determines that plaintiff has created a genuine issue of material fact as to whether he exhausted his administrative remedies with respect to his

retaliation claim against defendant Davis for the May 30, 2001 disciplinary report.  The motion for leave to file a supplemental response is therefore denied as moot.

**IT IS THEREFORE ORDERED** that the Motion Renewing Defendants' Motion for Judgment as a Matter of Law (Doc. 255) is granted in part and denied in part.  The only claim remaining for trial is the First Amendment Retaliation claim against defendant Davis for writing the May 30, 2001 disciplinary report for moving the fan.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Supplemental Response to Defendants' Renewed Motion for Judgment as a Matter of Law (Doc. 264) is denied as moot.

Dated this 8th day of December 2008, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**