**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARVIN B. DAVIS, | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | No. 00-03051-MLB |
| JOHNNY DAVIS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff Marvin B. Davis' pro se motion for a new trial and memorandum in support (Doc. 315).[1] The matter has been fully briefed and is ripe for decision. (Docs. 317, 318, 319). Plaintiff's motion is DENIED for the reasons more fully stated herein.

**I.   BACKGROUND**

Plaintiff is an inmate at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. At various times, plaintiff filed several grievances against HCF employees. One such grievance was filed on April 10, 2001, against defendant Johnny Davis who was a guard at that time. On May 30, 2001, Davis wrote a disciplinary report against plaintiff for placing a fan in front of a fire exit. It was later determined that plaintiff did not violate any rule and plaintiff subsequently filed this case alleging, among other matters, that Davis retaliated against him for filing the April 10 grievance.

---

[1] Plaintiff was represented by appointed counsel throughout the proceedings before this court.

Plaintiff claimed that defendant violated his First Amendment right against retaliation and his substantive and procedural due process rights under the Fourteenth Amendment. Defendants moved to dismiss which was granted by the court on all claims. (Doc. 106). The Tenth Circuit affirmed in part and reversed and remanded on plaintiff's retaliation and damage claims against William Cummings and Davis. (Doc. 129 at 7).

Plaintiff's first trial resulted in a hung jury. Defendants moved for directed verdict which was granted in part and denied in part. (Doc. 271). Based upon the timing of the April 10 grievance and the May 30 disciplinary report, which was later dismissed in plaintiff's favor, the court concluded that a reasonable jury could find that Davis retaliated against plaintiff. (Doc. 271 at 8).

A second jury trial was held on this matter on July 14 through July 16, 2009. The jury heard testimony from both plaintiff and Davis as well as other HCF employees. The jury returned a verdict in favor of Davis.

Plaintiff claims that the jury verdict was not supported by the evidence and further raises six prejudicial errors that substantially and adversely affected plaintiff's rights and moves for a new trial. Specifically, plaintiff claims that: (1) the court erred by excluding evidence related to a confrontation on May 30, 2001; (2) the jury instructions and verdict form were inconsistent; (3) the court erred when it failed to instruct the jury on burden-shifting; (4) the court erred when it excluded evidence of Davis' 1986 disciplinary action; (5) the court erred when it excluded testimony of Bruce Brower; and (6) plaintiff's rights were violated because of juror misconduct.

**II. STANDARDS**

"The court may, on motion, grant a new trial on all or some of the issues--and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. Pro. 59(a). "[A] new trial may be granted if the district court concludes the 'claimed error substantially and adversely' affected the party's rights." Henning v. Union Pacific R. Co., 530 F.3d 1206, 1217 (10th Cir. 2008). A new trial may also be granted if a jury's verdict is based on an erroneously given instruction. Id. at 1221. Nonetheless, a district court may not grant a new trial without a finding of prejudicial error or substantial injustice. Stewart v. South Kansas and Oklahoma R.R., Inc., 36 F. Supp.2d 919, 920 (D. Kan. 1999) ("Neither an error in the admission or exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties.")

### Weight of the Evidence

Plaintiff moves for judgment notwithstanding the jury's verdict in his favor because there was no evidence to support the verdict.

> When the issue concerns the verdict being against the weight of the evidence, the trial court in exercise of its discretion reviews the evidence. (Citations omitted). The focus is upon whether the evidence is clearly, decidedly, or overwhelmingly against the weight of the evidence. (Citations omitted).
>
> Because of the sanctity attached to jury verdicts, courts do not lightly overturn them. (Citations omitted). In determining whether a new trial is appropriate, the trial court does not sit merely as an additional juror. (Citations omitted). It must have more than the belief it would have reached a different verdict, the trial court

>     must "'feel that the jury quite clearly reached a seriously
>     erroneous result in spite of the clear weight of the
>     evidence.'" (Citations omitted).

<u>Harvey v. Yellow Freight System, Inc.</u>, 936 F. Supp. 790, 796 (D. Kan. 1996).

Plaintiff claims that Davis retaliated against him for filing the April 10 grievance. Davis testified that he had suffered a stroke at some point subsequent to the events in issue and does not remember specifically whether he had retaliated against plaintiff or not when he issued the May 30 disciplinary report. However, Davis testified that plaintiff placed a fan in front of the fire exit and he believed at that time that it was a fire hazard. Davis further testified that he had never retaliated against an inmate in the past and would not retaliate against an inmate for filing a grievance because it was the inmate's right to do so.

Plaintiff had the burden to prove that Davis retaliated against him because he filed the April 10 grievance by a preponderance of the evidence. Other than his own testimony, plaintiff presented no evidence to show that Davis retaliated against him. The jury determined the weight to give both plaintiff and Davis' testimony and found that plaintiff had not met his burden. The jury's verdict was not against the weight of the evidence and the court will not reweigh the evidence. <u>Townsell v. Lewis</u>, 938 F. Supp. 728, 729 (D. Kan. 1996) ("[T]he Court is permitted to consider the credibility of witnesses, but it 'may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.'"). Plaintiff's motion for a new trial on sufficiency of the evidence is denied.

### Evidence of May 30 Confrontation

Plaintiff claims that the court erred in excluding evidence of a confrontation between Davis and plaintiff on May 30. Davis claims that this evidence was irrelevant.

It is undisputed that plaintiff has filed several lawsuits and/or grievances. However, the sole issue at trial was whether Davis' May 30 disciplinary report was in retaliation to the April 10 grievance filed by plaintiff in response to the confrontation between plaintiff and Davis on April 9. Any other confrontations or grievances were irrelevant. Therefore, the court did not err in excluding evidence of the May 30 confrontation. Plaintiff's motion for a new trial on this ground is denied.

### Jury Verdict Form

Plaintiff contends that the jury verdict form was inconsistent with his claims and burden of proof as instructed in Instruction No. 4. Specifically, plaintiff claims that the verdict form "limited the retaliatory conduct to April 10, 2001 and May 31, 2001 and not 'from April 9, 2001 through May 31, 2001' which is the case plaintiff was putting on trial." (Doc. 315 at 7). Plaintiff contends that a sequence of acts occurred between April 9 and May 30 which were relevant and demonstrated that Davis retaliated against him on May 30.

Plaintiff did not object to the verdict form at trial. Nor does the court find that plaintiff alleged that Davis committed other acts in retaliation to his April 10 grievance, other than filing the May 30 disciplinary report, between April 9 and May 30, 2001. Therefore, plaintiff's claims which remained at trial were presented to the jury. Instruction No. 4 and the verdict form were not inconsistent and

-5-

plaintiff's motion for a new trial on this ground is denied.

## Burden-shifting Instruction

The jury was instructed that "[p]laintiff must establish that 'but for' the retaliatory motive, Davis's issuance of the disciplinary report would not have occurred." (Doc. 310 at 5-6). Plaintiff requested a jury instruction on "pretext" or what is known as burden-shifting under McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973). Davis objected stating that "[t]here is no burden-shifting in a First Amendment retaliation claim by an inmate." (Doc. 317 at 8). The court declined to give a burden-shifting instruction.

The court agrees with Davis that a First Amendment retaliation claim against an inmate is different than a Title VII retaliation claim. The Tenth Circuit has held that "a plaintiff 'must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place.'" Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Even if the McDonnell Douglas burden-shifting analysis applies, the Tenth Circuit has previously criticized instructing the jury on the McDonnell Douglas burden-shifting analysis. Whittington v. Nordam Group Inc., 429 F.3d 986, 998 (10th Cir. 2005) (noting that the "'presumptions and burdens inherent in the McDonnell Douglas formulation drop out of consideration when the case is submitted to the jury on the merits.'"). Therefore, no error occurred and the jury was properly instructed on the merits of plaintiff's case and plaintiff's motion for a new trial on this ground is denied.

### 1986 Evidence

Davis moved to exclude evidence of his 1986 disciplinary action and letter of censure prior to trial because plaintiff sought to use this evidence as impeachment under Fed. R. Evid. 607. The court granted Davis' motion and excluded the evidence under Fed. R. Evid. 403 and 404(a). (Doc. 308 at 4-5).

Plaintiff claims this evidence was relevant to rebut Davis' claim that he did not retaliate. Davis responds that the 1986 incidents had nothing to do with retaliation against an inmate.

Other than showing character, the court fails to see how a 23-year-old disciplinary action against Davis is relevant to plaintiff's current retaliation claim. Character evidence of this nature is expressly prohibited by Fed. R. Evid. 404(a). Nor was it relevant for impeachment at trial. Evidence of Davis' 1986 disciplinary action and letter of censure were properly excluded and plaintiff's motion for a new trial on this ground is denied.

### Opinion Testimony

Plaintiff claims that Brower should have been able to testify that Davis had a reputation for being strict. Plaintiff also attempted to introduce Brower's lay opinion that Davis could have retaliated against plaintiff under Fed. R. Evid. 701.

Pursuant to Rule 701, a non-expert witness may offer opinion testimony when it is: "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The witness must have first-

hand knowledge to meet the perception requirement. Id. Notes of Advisory Committee on Proposed Rules. "The perception requirement stems from F.R.E. 602 which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact." United States v. Bush, 405 F.3d 909, 915-16 (10th Cir. 2005) (quoting United States v. Hoffner, 777 F.2d 1423, 1425 (10th Cir. 1985)).

Brower did not have first-hand knowledge of any particular incident where Davis retaliated against an inmate. As such, Brower's testimony and opinion was improper character evidence and not based on concrete facts within his perception. Plaintiff's motion for a new trial based on the exclusion of Brower's opinion testimony is denied.

### Juror Misconduct

Plaintiff claims his rights were violated because a juror was sleeping during direct examination of Davis. At no point during the trial did plaintiff bring this to the attention of the court. Nor did he object. See United States v. Fallis, No. 96-20017-01-EEO, 1997 WL 760646, at *3 (10th Cir. Dec. 04, 1997) ("[D]uty lies with defendant to promptly bring such matters as an allegedly sleeping juror to the attention of the court[.]"). The court did not observe any sleeping jurors. Plaintiff's motion for a new trial on the bases of any juror misconduct is denied.

### Jury Question

Plaintiff also includes a claim that Question No. 1 on the verdict form "was required to be answered 'yes,' it is the same grievance." (Doc. 315 at 16). The court assumes that plaintiff wanted the jury to find specifically that defendant retaliated

-8-

plaintiff because of the April 10 grievance.

Question No. 1 reads: "[d]o you find that plaintiff has proven, by a preponderance of the evidence, that defendant Johnny Davis retaliated against plaintiff by issuing a disciplinary report on May 30, 2001, because plaintiff filed a grievance on April 10, 2001?" (Doc. 313 at 1). The jury was instructed as to which specific grievance triggered the alleged retaliation by Davis on May 30. Therefore, no error occurred and plaintiff's motion for a new trial on this claim is denied.

### III. CONCLUSION

For the reasons stated more fully herein, plaintiff's motion for a new trial (Doc. 315) is DENIED.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau. The response to any motion for reconsideration shall not exceed three

pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this  23rd  day of November 2009, at Wichita, Kansas.

                                        s/  Monti Belot
                                            Monti L. Belot
                                            UNITED STATES DISTRICT JUDGE